# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Jammie Mack, #353612, | ) C/A No. 4:16-838-HMH-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Warden, Trenton Correctional Institution, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

The Petitioner, Andrew Jammie Mack ("Petitioner"), a *pro se* prisoner confined at Allendale Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (2)(c) DSC.  Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

### Background of this Case[1]

On December 19, 2012, in the Circuit Court of General Sessions for Chester County, the Petitioner pleaded guilty to "Drugs / Trafficking in ice, crank or crack - 28 g or more, but less than 100 g - 2nd offense" and "Weapons / Poss. weapon during violent crime, if not also sentenced to life without parole or death" and was sentenced to five years and seven years.  Petitioner indicates that no direct appeal was filed.  (Pet. at 2).  Petitioner indicated that he filed an application for post-

---

[1] See generally, http://publicindex.sccourts.org/Chester/PublicIndex/PISearch.aspx (with search parameters limited by Petitioner's name).  The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

conviction relief on June 25, 2013. (Case No. 2013-CP-12-00285). Petitioner indicates that the Court of Common Pleas dismissed the PCR application on February 23, 2014. The Petition states that on November 18, 2014, Petitioner filed a "Johnson Petition for Writ of Certiorari" to appeal the dismissal of his PCR application. Petitioner states a denial was received on March 18, 2015. Petitioner filed the instant habeas petition on March 11, 2016. State court public records indicate the PCR was appealed and an Order and Remittitur from the South Carolina Supreme Court were filed in the lower court on April 7, 2015.

Since the petition in this case is untimely, in an order (ECF No. 11) dated April 20, 2016, the undersigned directed the petitioner as follows:

> Upon initial review of the Petition, it appears from the face of the Petition that this case may be untimely filed. This order is notice to Petitioner that the court is considering dismissal of his case based on the running of the one-year statute of limitations. Unless the petitioner provides facts casting doubt on the issue of untimeliness of his Petition and thereby prevent dismissal based on the limitations bar, this case may be subject to dismissal.
>
> Accordingly, Petitioner is granted twenty-one (21) days to file a factual explanation with this court to show cause why his Petition should not be dismissed based on the application of the one-year limitation period established by 28 U.S.C. § 2244(d), including but not limited to, factual dispute regarding the relevant dates of filings in state court mentioned above and/or facts supporting the application of equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Additionally, the Order cited law in regard to the functioning of the habeas one-year statute of limitations:

> Section 2244(d) provides that a petition for writ of habeas corpus must be filed **within one year of the date on which the conviction being challenged** becomes final. The one-year period does not run ("is tolled") during the time period that a direct appeal and a post-conviction relief ("PCR") application are pending. Further, § 2244(d)'s one-year statute of limitations is subject to equitable tolling which could extend the final date for filing. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). A petitioner may be entitled to equitable

2

tolling of the statute of limitations if he can demonstrate "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). In 2010, the United States Supreme Court considered the issue and held that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (quoting *Pace*, 544 U.S. at 418)).

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and motion to proceed *in forma pauperis* pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 390-91 (4th Cir. 1990).

With respect to his convictions and sentences, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought

3

only after the petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)); *see also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971). The petition in the above-captioned case is clearly untimely.

> The AEDPA, 28 U.S.C. 2244(d) provides:
>
> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The "delivery" date of the instant petition is March 11, 2016. *Houston v. Lack*, 487 U.S. 266, 270-76 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court). The petition and public court records show the following periods of untolled time:

4

— January 7, 2013 (the date upon which the Petitioner's conviction became final[2]) to June 25, 2013 (the filing date for Petitioner's state PCR action) (169 days)

— April 7, 2015[3] (the date the remittitur was filed in the lower court on Petitioner's appeal of the denial of his PCR action) to March 11, 2016 (the *Houston v. Lack* delivery date of the instant Petition) (340 days)

Hence, the Petitioner has at least sixteen months of untolled time. This aggregate time period exceeds the one-year statute of limitations of 28 U.S.C. § 2244(d). *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). Therefore, the present petition is time-barred and should be dismissed on that basis.

The habeas statute of limitations is subject to equitable tolling if Petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(internal citation and quotation omitted). Petitioner has set forth no plausible facts or arguments in his responses to this court's April 20, 2016 Order*;* he pleaded no facts in regard to equitable tolling of the limitations found in 28 U.S.C. 2244(d). The Petition states that it has not been a year since March 18, 2015.

---

[2] The conviction does not become final until the period for filing a timely direct appeal expired, 10 days. SCACR Rule 203.

[3] Petitioner states that he received the denial of his PCR appeal from the South Carolina Supreme Court on March 18, 2015. The Chester County Circuit Court of Common Pleas received the order and the remittitur for filing on April 7, 2015. It matters not whether untolled time is run from the March date or the April date, the Petition would still be untimely. *Cf. Beatty v. Rawski*, 2015 WL 1518083 (D.S.C. Mar. 31, 2015)(one-year limitations period for filing federal habeas petition remained tolled until remittitur on appeal from denial of post-conviction relief was filed in circuit court).

5

However, the limitations period runs from the **date of conviction** with the tolling already aforementioned above. In a response from Petitioner on May 20, 2016, Petitioner confuses timeliness issues as to 28 U.S.C. § 2244(d) and the proper form order regarding a motion for *in forma pauperis*. The Court's Show Cause Order as quoted above was clear that the issue did not involve the motion for *in forma pauperis* or the court's previous order. The Petitioner gives no arguments or facts in regard to equitable tolling for the time period January 7, 2013 to June 25, 2013 or for April 7, 2015 to March 11, 2016.

Another response from Petitioner implies that encountering problems mailing his response to the April 20, 2016, Order (not the habeas petition itself) deals with his statute of limitations issue and attaches correspondence with prison staff over the mailing of his response to the Show Cause Order. As stated above, the Court is using March 11, 2016, the date of delivery of the petition with the prison authorities, as the filing date of the habeas petition, not any date in May 2016.

There is no evidence that warrants equitable tolling. Petitioner has not demonstrated that he pursued his rights diligently or that some extraordinary circumstances stood in his way to prevent him from timely filing his federal habeas petition. Therefore, the petition should be dismissed as barred by the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002);[4] *see also Day v. McDonough*, 547 U.S. 198 (2006).

---

[4] The Petitioner's two responses to the April 20, 2016 order, plus his right to file objections to this Report and Recommendation constitute the petitioner's opportunities to object to a dismissal of this petition based on the statute of limitations. *Hill v. Braxton*, 277 F.3d at 707 (habeas case; timeliness may be raised *sua sponte* if evident from face of pleading, but petitioner must be given warning and opportunity to explain before dismissal). *Cf. Bilal v. North Carolina*, 287 Fed. Appx. 241, 2008 WL 2787702 (4th Cir. July 18, 2008).

## Recommendation

Accordingly, it is recommended that the § 2254 petition be dismissed *with prejudice and without requiring the respondent to file a return* because the petition is clearly untimely under the one-year limitations provision of the AEDPA, 28 U.S.C. § 2244(d).  Further, all other pending motions in this case are moot.


|  |  |
|---|---|
|  | s/ Thomas E. Rogers, III |
| August 22, 2016 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |


**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).