IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Andrew Jammie Mack, #353612, ) | |
| ) | C.A. No. 4:16-838-HMH-TER |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Warden, Trenton Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Andrew Jammie Mack ("Mack") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation, Magistrate Judge Rogers recommends dismissing Mack's petition on the basis that it is barred by the statute of limitations.

Mack filed objections to the Report and Recommendation.[2] Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Houston v. Lack, 487 U.S. 266 (1988).

magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Mack's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean one specific objection.  Mack objects to the magistrate judge's conclusion that his petition is time barred.  Specifically, he alleges that the time between his sentencing date and the filing of his application for post conviction relief ("PCR") should be tolled with respect to the statute of limitations for the instant § 2254 petition.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A), provides that the one-year time limitation for filing a § 2254 motion commences on "the latest of -- the date on which the judgment became final by the conclusion of *direct review* or the expiration of the time for seeking such review."  The statute of limitations is tolled only during the pendency of a properly filed PCR action.  See 28 U.S.C. § 2244(d)(2).  "[T]he AEDPA provides that upon conclusion of *direct review* of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court."  Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).

On December 19, 2012, Mack pled guilty to "Drugs / Trafficking in ice, crank, or crack - 28 g or more, but less than 100 g - 2nd offense" and "Weapons / Poss. Weapon during violent crime, if not also sentenced to life without parole or death."  Mack was sentenced on December 27, 2012, and did not file a direct appeal.  Therefore, Mack's conviction became

final ten days later on January 7, 2013, the expiration of the time period for filing a timely direct appeal in state court. S.C. App. Ct. R. 203(b)(2). Mack filed his PCR application on June 25, 2013, 169 days after his conviction became final. Therefore, upon the filing of Mack's PCR claim, 169 days of the statute of limitations for the instant action had run. Mack's PCR application was denied on February 23, 2014. Mack indicates that he appealed the dismissal of his PCR application on November 18, 2014. According to court records, Mack's PCR appeal was denied in an Order and Remittitur from the South Carolina Supreme Court filed on April 7, 2015. Thus, the one-year statute of limitations began to run again on April 8, 2015. Mack filed the instant action on March 11, 2016, almost one year after the conclusion of his PCR action. Therefore, the instant petition is clearly time barred. Based on the foregoing, Mack's objection that he had one year after the conclusion of his PCR action in which to file his § 2254 petition is wholly without merit.

Moreover, there is no basis for applying the doctrine of equitable tolling. "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation.

It is therefore

**ORDERED** that Petitioner's habeas petition, docket number 1, is dismissed with prejudice and without requiring Respondent to file a return. It is further

**ORDERED** that Petitioner's motion for leave to proceed under Equitable Tolling Process, docket number 17, is dismissed as moot. It is further

**ORDERED** that a certificate of appealability is denied because Mack has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                                            s/Henry M. Herlong, Jr.
                                                                            Senior United States District Judge

Greenville, South Carolina
September 13, 2016

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.